UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BILL JEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:20-cv-39 |
| | ) |
| AMERICAN STAVE COMPANY, LLC | ) |
| d/b/a BLUE RIVER WOOD PRODUCTS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.  Plaintiff, Bill Jean ("Jean"), brings this action against Defendant, American Stave Company, LLC d/b/a Blue River Wood Products ("Defendant"), for unlawfully violating his rights as protected by the Americans With Disabilities Act, 42 U.S.C. § 12101 *et. seq*. ("ADA").

## PARTIES

2.  Jean has resided within the Southern District of Indiana at all relevant times.

3.  Defendant is a company operating within the Southern District of Indiana.

## JURISDICTION AND VENUE

4.  Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 12117.

5.  Jean was an "employee" within the meaning of the ADA.

6.  Defendant is an "employer" within the meaning of the ADA.

7.  Jean is an individual with a disability as that term is defined by the ADA.

8.  Jean is a qualified individual with a disability, has a record of a disability, and/or was regarded as disabled by Defendant within the meaning of the ADA.

9. Jean filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging, in part, disability discrimination under the ADA. The EEOC issued a cause determination stating, in part: "Evidence obtained during the investigation indicates that the Respondent discriminated against the Charging Party and a class of disabled applicants based on a company-wide discriminatory drug testing policy which violates the ADA. Specifically, when the Charging Party and a class of disabled applicants tested positive on the drug screen, the Respondent failed to conduct an individualized assessment to determine their valid use of medication prescribed for their disabilities, after which the Respondent promptly revoked their job offers and additionally terminated the Charging Party's temporary work assignment." Conciliation efforts by the EEOC failed, so the EEOC issued the right-to-sue notice to Jean. He now timely files his lawsuit.

10. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

11. Jean has had chronic debilitating leg pain for many years that has substantially limited him in at least one major life activity, including, but not limited to, walking, physical activity, caring for himself, and working.

12. Jean's doctor has prescribed him medications to treat his disability and the symptoms arising therefrom.

13. Defendant hired Jean to work as a temporary clean-up mill employee on or about June 17, 2014.

14. Jean's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

15. In or about July 2014, Defendant's management advised Jean that it was going to hire him for a full-time position.

16. Defendant subsequently extended a conditional employment offer to Jean pending his completion of a drug screen.

17. On or about July 31, 2014, Jean completed employment paperwork and then took a drug screen.

18. Later that day, Defendant's management informed Jean that he had tested positive on his drug screen.

19. Jean advised Defendant's management that he took prescription medication for a disability. This notice constituted Jean's request for a reasonable accommodation.

20. Defendant disregarded Jean's request for a reasonable accommodation.

21. Defendant fired Jean and would not allow him to explain the circumstances any further, including providing medical records supporting the fact he was taking prescription medications.

22. Defendant did not conduct an individualized assessment to determine the valid use of medication prescribed for Jean's disability.

23. Defendant revoked the conditional employment offer to Jean and then fired him.

24. Defendant failed to hire Jean for full-time employment because of his disability, perceived disability, and/or record of a disability.

25. Defendant fired Jean because of his disability, perceived disability, and/or record of a disability.

26. Defendant has accorded more favorable treatment to similarly-situated employees,

who are not disabled, do not have a record of a disability, and/or are not regarded as disabled by Defendant.

27. All reasons proffered by Defendant for adverse actions taken by it regarding Jean's employment are pretextual.

28. Jean has suffered injury as a result of Defendant's unlawful actions.

## COUNT I

### DISABILITY DISCRIMINATION

29. Jean hereby incorporates paragraphs 1-28 of his Complaint.

30. Defendant took adverse employment actions against Jean because of his disability, record of a disability, and/or its perception of him being disabled.

31. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Jean's rights as protected by the ADA.

## COUNT II

### DISABILITY DISCRIMINATION

32. Jean hereby incorporates paragraphs 1-31 of his Complaint.

33. Jean requested a reasonable accommodation.

34. Defendant did not engage in the interactive process with Jean.

35. Defendant did not provide a reasonable accommodation to Jean.

36. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Jean's rights as protected by the ADA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Bill Jean, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Jean to the same position, salary, and seniority, or pay front pay and benefits to him in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Jean;

3. Defendant pay compensatory and punitive damages to Jean;

4. Defendant pay pre- and post-judgment interest to Jean;

5. Defendant pay Jean's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Jean any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,


John H. Haskin, Attorney No. 7576-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email:       jhaskin@jhaskinlaw.com
Attorney for Plaintiff: Bill Jean

## **DEMAND FOR JURY TRIAL**

Plaintiff, Bill Jean, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:      (317)955-2570
Email:           jhaskin@jhaskinlaw.com
Attorney for Plaintiff: Bill Jean